UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALBERTO CORTES-CASTRO<br>REG. #94861-004 | : | CIVIL ACTION 2:17-cv-300<br>SECTION P |
| VERSUS | : | JUDGE TRIMBLE |
| USA | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Alberto Cortes-Castro ("Cortes-Castro"). Cortes-Castro is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

On August 4, 2011, Cortes-Castro pleaded guilty in the United States District Court for the Southern District of Florida to conspiracy to commit human sex trafficking through force, fraud, and coercion. *United States v. Cortes-Castro*, No. 1:11-cr-20005(4), docs. 128, 129 (S.D. Fla.). On November 15, 2011, the district court sentenced Cortes-Castro to 180 months of imprisonment. *Id.* at doc. 163. On January 24, 2014, Cortes-Castro filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was denied by the district court in Florida on September 30, 2015. *Id.* at docs. 252, 271. On August 15, 2016, the United States Court of Appeals for the Eleventh Circuit denied Cortes-Castro's motion for leave to file a successive § 2255. *In re: Alberto Cortes-Castro*, No. 16-15023 (11th Cir.).

Cortes-Castro filed the current § 2241, claiming: (1) that his due process rights were violated as the government knowingly used false evidence to support his conviction and sentence, and that it included the false information in the Presentence Investigation Report ("PSI"); (2) that he is actually innocent of the offense; (3) a lack of due process in that he was sentenced to a term above the guidelines; (4) insufficiency of the evidence to sustain a conviction; (5) *Brady* violations; (6) that his Miranda Rights were violated; and, (7) violations of his Fourth, Fifth, and Sixth Amendments. Doc. 1; *see also* doc. 4 pp. 7–9. As relief, Cortes-Castro seeks release from imprisonment. Doc. 4, p. 9.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Cortes-Castro collaterally attacks his incarceration, arguing errors with regard to his federal conviction, and makes no claim against the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

An application for writ of *habeas corpus* brought under § 2241 may be properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877–78. The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence

to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830.

A remedy under § 2255 is not necessarily inadequate or ineffective simply because a petitioner has previously been denied relief under that section, is unable to meet the second or successive requirement (*Jeffers*, 253 F.3d at 830) or is barred from seeking it under the one-year limitations period. *See Pack v. Yusuff*, 218 F.3d 448, 452–53 (5th Cir. 2000) (rejecting argument that procedural bar of one-year limitations in § 2255 rendered remedy inadequate). However, a petitioner can fulfill the savings clause's standards and meet the burden of establishing an ineffective or inadequate remedy if he satisfies the following factors: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904 (emphasis added).

Cortes-Castro's allegations are insufficient to invoke the savings clause. As noted above, § 2255's remedies are not inadequate or ineffective merely because his prior motion was unsuccessful and he was unable to meet the requirements for filing a second or successive motion. Cortes-Castro has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. He has thus failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### CONCLUSION

Cortes-Castro's allegations are insufficient to invoke the savings clause. Since he has not met the savings clause requirements, his claims are not properly brought under § 2241, and this

court lacks jurisdiction to consider his claims under § 2255. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

Accordingly,

**IT IS RECOMMENDED** that the application for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be dismissed with prejudice as to the jurisdictional issues only and without prejudice in all other respects.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE